IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CALVIN BURKE, # B-60083,

Petitioner,

vs.                                         Case No. 13-cv-449-DRH

SALVADOR GODINEZ (Director, Illinois
Department of Corrections),
RICHARD HARRINGTON (Warden,
Menard Correctional Center), and
PRISON REVIEW BOARD,

Respondents.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Calvin Burke, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, to challenge the constitutionality of his confinement. The petition was filed on May 10, 2013. Petitioner alleges that he is entitled to immediate release because of the improper actions of the Prisoner Review Board in delaying the revocation of his parole and calculating the remaining term of his sentence.

Petitioner had been released from incarceration in Illinois in August 2011, and placed on mandatory supervised release ("MSR"). His parole supervision was transferred to Tennessee (Doc. 1, p. 7). He was arrested in Tennessee for theft on December 11, 2011, was released, but then was arrested again for theft on May 11, 2012, and for robbery on July 3, 2012 (Doc. 1, pp. 1-2). Illinois officials did

not issue a parole violator warrant until August 3, 2012, nearly eight months after petitioner's first violation (Doc. 1, p. 3). He was taken back into custody and has been confined at Menard Correctional Center since October 2, 2012.

The Prisoner Review Board held a hearing on November 15, 2012, where petitioner was found guilty of violating his parole. *Id*. The time that elapsed between petitioner's December 11, 2011, arrest and his eventual return to Illinois custody was deemed to be "lost MSR time," and was added to his prison sentence (Doc. 1, pp. 5, 22). Petitioner contends that had the Illinois authorities acted more promptly in revoking his parole, he would have already completed his required sentence.

Petitioner filed a mandamus action in the Circuit Court of Randolph County (Case No. 13-MR-24; Doc. 1, pp. 27-28; Doc. 1-2). It was dismissed on April 22, 2013. It is not clear whether petitioner appealed the order dismissing that case.

Petitioner raises five grounds for habeas relief (Doc. 1, pp. 5-6). Among these, he argues that his due process rights were violated by the Prisoner Review Board's willful delay in issuing the parole violation warrant and their failure to disclose evidence against him; and his speedy trial rights were violated by the delay in the warrant and the revocation hearing. Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, the Court shall order a response.

Respondents **SALVADOR GODINEZ** and **PRISON REVIEW BOARD** are hereby **DISMISSED** as parties to this action. *See* Rule 2(a) of the Rules

Governing § 2254 Cases in the United States District Courts; *Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005) (director of Illinois Department of Corrections is not the "state officer who has custody" of a habeas petitioner serving a state sentence); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (prison warden is the only proper respondent in a habeas action; parole board is the correct respondent only if the petitioner is on parole).

Petitioner is reminded that he was previously ordered to pay the $5.00 filing fee for this action no later than **June 19, 2013** (Doc. 4), or face dismissal of this case.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of receipt of this order (provided the case has not been dismissed for non-payment). This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a*

*referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 31st day of May, 2013.

David R. Herndon
2013.05.31
15:33:26 -05'00'

**Chief Judge**
**United States District Court**